UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SHANITA L. REDD, et al., | |
| Plaintiffs, | |
| v. | Case No. 1:23-CV-179-GSL-SLC |
| PARKVIEW HEALTH SYSTEMS, INC., et al., | |
| Defendants. | |

**OPINION AND ORDER**

This matter is before the Court on Defendants' Partial Motion to Dismiss. [DE 29]. Plaintiff did not file a response, and the time to do so has passed. For the reasons set forth below, the Court grants Defendants' motion.

**BACKGROUND**

On April 28, 2023, Plaintiff Shanita L. Redd filed a Complaint against Defendants Parkview Health System, Inc., Parkview Hospital, Inc. d/b/a Parkview Hospital Randallia, and Parkview Hospital, Inc. d/b/a Parkview Behavioral Health (collectively, the "Corporate Defendants"), and Defendant Chad Biddle (the "Individual Defendant"). [DE 1]. Plaintiff filed the Complaint on behalf of herself and her minor child, M.R. [*Id.*]. On September 15, 2023, Plaintiff filed an Amended Complaint. [DE 24].

In the Amended Complaint, Plaintiff alleges that M.R. was subject to inadequate medical care, physical abuse, and discriminatory treatment by Defendants. [*Id.*]. Because of Defendants' conduct, Plaintiff alleges that both she and M.R. have suffered physical injuries and emotional distress. [*Id.* at pages 12-17]. Plaintiff brought two claims under federal law: Claim One and Six. [*Id.* at pages 11, 15]. In those claims, Plaintiff argues that Defendants subjected her and M.R. to

discriminatory treatment based on her race, a violation of 42 U.S.C. § 1981. [*Id.* at pages 11-12]. Plaintiff also alleges that Defendants retaliated against her for filing a complaint with the Indiana Civil Rights Commission, another violation of § 1981. [*Id.* at page 15]. Plaintiff brought the other four claims under Indiana state law. In those claims, Plaintiff alleges that Defendants' treatment of M.R. violated the common law rules of breach of contract and covenant of good faith dealing, intentional infliction of emotional distress, assault and battery, and negligent hiring or retention of employees, for Claims Two, Three, Four, and Five, respectively. [*Id.* at page 13].

On October 5, 2023, Defendants filed an Answer and the instant Partial Motion to Dismiss. [DE 28, 29]. The Plaintiff did not file a response, and the time to do so has passed. Now, the Court considers the arguments in turn. *See* N.D. Ind. L.R. 7-1(d)(5) ("The court may rule on a motion summarily if an opposing party does not file a response before the deadline.").

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion, a pleading must contain sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "When examining a motion to dismiss, [a court] will accept as true all well-pleaded facts in the complaint and draw reasonable inferences in favor of the plaintiff." *Kap Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 523 (7th Cir. 2022) (citation omitted). "But legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *Id.* (quoting *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011)).

2

## ANALYSIS

Pursuant to Rule 12(b)(6), Defendants seek dismissal of Claims Two, Three, Four, and Five against Corporate Defendants and dismissal of all Claims against Individual Defendant. [DE 29].

### A. Corporate Defendants

Defendants argue that Claims Two, Three, Four, and Five against Corporate Defendants should be dismissed for failure to allege sufficient facts to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). The Court agrees.

#### 1) Claim Two

In Claim Two, Plaintiff alleges that "[Corporate Defendants'] conduct resulted in physical, mental and emotional distress, and monetary damages to [Plaintiff and M.R.], in violation of Indiana Common Law Claims of **Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing**." [DE 24, page 13] (emphasis added).

To state a claim for breach of contract, the plaintiff must plead sufficient facts that allow the court to draw the reasonable inference that there exists 1) a contract, 2) a breach of that contract, and 3) injuries caused by that breach. *See RAM Iron & Metal, Inc. v. Exeon Processors*, LLC, No. 22-CV-178, 2023 WL 3478831, at *4 (N.D. Ind. May 16, 2023) (citing *Fowler v. Campbell*, 612 N.E.2d 596, 600 (Ind. Ct. App. 1993). And to state a claim for breach of the covenant of good faith and fair dealing, the plaintiff must plead sufficient facts that allow the court to draw the reasonable inference that there exists 1) a duty of good faith owed by the defendant and 2) a breach of that duty. *See H.E. Mcgonigal, Inc. v. Harleysville Lake States Ins. Co.*, No. 15-CV-00549, 2016 WL 4541433, at *2 (S.D. Ind. Aug. 31, 2016).

The Amended Complaint fails to allege sufficient facts to support an inference that Corporate Defendants are liable for breach of contract or breach of covenant of good faith and fair dealings. In Paragraph 44, Plaintiff uses the words "offered" and "accepted" to formulaically allege the formation of an implicit contract when Plaintiff took M.R. for an emergency psychiatric evaluation on April 29, 2021. [DE 24, page 12]. Next, Plaintiff alleges that Corporate Defendants failed to provide proper treatment to M.R., and even subjected M.R. to maltreatment. [*Id.* at pages 12-13]. Allegations of mistreatment and, in some cases, lack of treatment are sprinkled throughout the pleading. [*Id.*]. But the pleadings lack sufficient alleged facts concerning the scope of the implicit contract formed, or duty owed, and how Corporate Defendants failed to meet its obligations under that contract or duty.

Therefore, the Court grants the motion to dismiss as to Claim Two against Corporate Defendants.

### 2) Claim Three

In Claim Three, Plaintiff alleges that "[Corporate Defendants'] conduct resulted in physical, mental and emotional distress, and monetary damages to [Plaintiff and M.R.], in violation of the Indiana Common Law of **Intentional Infliction of Emotional Distress**." [DE 24, page 13] (emphasis added).

To state a claim for intentional infliction of emotional distress, the plaintiff must plead sufficient facts that allow the court to draw the reasonable inference that the defendant 1) engaged in extreme and outrageous conduct, 2) which intentionally or recklessly 3) caused 4) severe emotional distress to another. *Content & Com., Inc. v. Chandler*, No. 20-CV-02488, 2021 WL 2634605, at *4 (S.D. Ind. June 25, 2021) (citing *Westminster Presbyterian Church of Muncie v. Yonghong Cheng*, 992 N.E.2d 859, 870 (Ind. Ct. App. 2013). This high standard is

only met "where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (citing *Lachenman v. Stice*, 838 N.E.2d 451, 456 (Ind. Ct. App. 2005)).

Here, the pleadings lack sufficient factual support for the Court to infer any liability by Corporate Defendants. In Paragraph 48, Plaintiff's factual basis for the "extreme and outrageous conduct" is the alleged physical assault by Individual Defendant against M.R, and subsequent mistreatment and inadequate medical treatment. [DE 24, page 13]. The pleadings do not allege any facts of direct conduct by Corporate Defendants that led to the alleged physical assault. Moreover, the Plaintiff does not plead any facts under a theory of vicarious liability, or other legal theory, that would allow the Court to infer that Corporate Defendants are responsible and liable for Individual Defendant's alleged actions.

Therefore, the Court grants the motion to dismiss as to Claim Three against Corporate Defendants.

    3) **Claim Four**

In Claim Four, Plaintiff alleges that "[Corporate Defendants'] conduct subjected [Plaintiff and M.R.] to physical, mental and emotional distress, and monetary damages, in violation of the Indiana Common Law of **Assault and Battery**." [DE 24, page 14] (emphasis added).

Plaintiff only alleges facts that Individual Defendant, not Corporate Defendants, physically assaulted M.R. [*Id.*]. Plaintiff does not state any theories that would suggest how Corporate Defendants would be liable for the alleged assault and battery by Individual

5

Defendant. Nonetheless, the Court will consider the alleged facts against a theory of *respondeat superior*.

Under a theory of *respondeat superior*, the plaintiff must plead that an employee's act falls "within the scope of employment" and the act "must be incidental to the conduct authorized or it must, to an appreciable extent, further the employer's business." *Reiber v. Mathew*, 271 F. Supp. 3d 968, 986 (N.D. Ind. 2017) (quoting *Barnett v. Clark*, 889 N.E.2d 281, 283-84 (Ind. 2008)).

Here, Plaintiff's allegations fail to state a viable *respondeat superior* claim. The pleadings do not provide sufficient facts to make plausible that Individual Defendant's alleged act was sufficiently associated with his authorized duties. So, vicarious liability cannot attach to Corporate Defendants.

Therefore, the Court grants the motion to dismiss as to Claim Four against Corporate Defendants.

  4) **Claim Five**

In Claim Five, Plaintiff alleges that "[Corporate Defendants'] conduct subjected [Plaintiff and M.R.] to physical, mental and emotional distress, and monetary damages, in violation of the Indiana Common Law of **Negligent Hiring or Retention in Employment**." [DE 24, page 15] (emphasis added).

Plaintiff does not allege any facts related to Corporate Defendants' hiring of Individual Defendant, so the Court will only consider the claim of negligent retention in employment. To survive on a negligent retention claim, the plaintiff must plead sufficient facts alleging that an employee "step[ped] beyond the recognized scope of his [or her] employment to commit a tortious injury upon a third party" or that an employer "negligently retained an employee

6

knowing that the employee was in the habit of misconducting himself." *Gonzalez v. ADT LLC*, 161 F. Supp. 3d 648, 658 (N.D. Ind. 2016) (quoting *Scott v. Retz*, 916 N.E.2d 252, 257 (Ind. Ct. App. 2009) and *Chivers v. Cent. Noble Cmty. Sch.*, 423 F.Supp.2d 835, 855 (N.D. Ind. 2006)).

Here, the pleadings lack sufficient factual support that Individual Defendant stepped beyond the scope of his authorized employment or that Individual Defendant engaged in a habit of misconducting himself.

Therefore, the Court grants the motion to dismiss as to Claim Five against Corporate Defendants.

### B. Individual Defendant

In each of the six claims of the Amended Complaint, Plaintiff only references Corporate Defendants' conduct. [DE 24 at 11-15] ("PHSI's conduct resulted in," "PHSI's conduct was intentional," "As a result of PHSI's conduct"). Nowhere in any of the six claims does Plaintiff explicitly name Individual Defendant, or attribute Plaintiff's alleged injuries to anything other than conduct by Corporate Defendants. Without specific factual allegations against Individual Defendant, the Court cannot grant any relief to Plaintiff as to Individual Defendant.

Therefore, the Court grants the motion to dismiss as to all the claims against Individual Defendant.

### CONCLUSION

For these reasons, the Court GRANTS Defendants' Partial Motion to Dismiss. [DE 29]. The Court DISMISSES Claims Two, Three, Four, and Five of Plaintiff's Amended Complaint [DE 24] against the Corporate Defendants and DISMISSES all the claims of the same [*id.*] against the Individual Defendant.

SO ORDERED.

ENTERED: May 20, 2024

/s/ GRETCHEN S. LUND
Judge
United States District Court