UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

SHANITA L. REDD, et al.,

    Plaintiffs,

    v.

PARKVIEW HEALTH SYSTEMS, INC., et al.,

    Defendants.

Case No. 1:23-CV-179-GSL

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion for Summary Judgment.

Defendants moved for Summary Judgment at [DE 52], and filed their Memorandum in Support

of their Motion at [DE 53]. Plaintiffs responded at [DE 62 and DE 63], and Defendants replied at

[DE 67]. Having reviewed the briefing, the Court is ready to rule.

### Background

Plaintiff M.R. is a minor whose mother, also a Plaintiff, took him to Defendants' hospital

for psychiatric treatment. Plaintiffs allege that due to his race, Plaintiff M.R. suffered injuries by

Defendants' employees while under Defendants' care. Plaintiffs further allege that after they

filed complaints with the Indiana Civil Rights Commission regarding these injuries and alleged

discrimination, they were afterwards refused care by Defendants. This lawsuit ensued.

### Statement of Material Facts

Defendants filed their Statement of Material Facts at [DE 54] as a stand-alone document,

separate from their Motion for Summary Judgment, at [DE 52], as required by Local Rule 56-1.

N.D. Ind. L.R. 56-1. Plaintiff responded to Defendants' Motion for Summary Judgment and

Statement of Material Facts within one singular document, at [DE 63]. Plaintiff's response is

contrary to the local rules of the Northern District of Indiana, which requires that the party opposing the motion for summary judgment file the response to the statement of material facts "separately" from the response brief to the motion for summary judgment. N.D. Ind. L.R. 56-1(b). Also relevant to the case at bar, Local Rule 56-1 does not permit the nonmoving party to set forth additional, nonresponsive facts when responding to the moving party's statement of material facts. Instead, the nonmoving party must include additional facts in a section titled "Additional Material Facts" with numbered paragraphs continuing the sequential numbering of the statement of material facts for each additional material fact the opposing party contends is undisputed. N.D. Ind. L.R. 56-1(b)(2)(D).

Plaintiffs' Response to Defendants' Statement of Material Facts is largely noncompliant with the local rules. Plaintiffs' responses are repeatedly nonresponsive, and in some instances, lack citations to the record. Furthermore, Plaintiffs' responses often include additional, nonresponsive facts, which are impermissible and must be set out in a separate section. The Court found that even where Plaintiffs' responses were responsive, they did nothing to further the claims under Section 1981, making them immaterial.

"[D]istrict courts may require strict compliance with their local rules—a point [the Seventh Circuit has] recognized time and again." *Rongere v. City of Rockford*, 99 F.4th 1095, 1101 (7th Cir. 2024) (citing *Hinterberger v. City of Indianapolis*, 966 F.3d 523, 528 (7th Cir. 2020)). Non-compliance with local summary judgment rules may warrant a penalty, and the court is within its discretion to ignore facts a litigant has proposed that are not submitted in compliance with those rules. *SFG Commer. Aircraft Leasing, Inc. v. Montgomery Equip. Co.*, 2018 U.S. Dist. LEXIS 7301, at *4 (N.D. Ind. Jan. 16, 2018). *See Cichon v. Exelon Generation Co., L.L.C.*, 401 F.3d 803, 809-10 (7th Cir. 2005). Notably, "a failure to respond by the

nonmovant as mandated by the local rules results in an admission." *McClure v. Davidson*, 2025 U.S. Dist. LEXIS 172349, at *3 (N.D. Ind. Sept. 2, 2025) (citing *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003)).

Here, the Court would be well within its right to deem Defendants' facts admitted each time Plaintiffs violated the Local Rules. However, the Court need not do so, because many of Plaintiffs' responses are themselves fatal, for the reasons already mentioned: Plaintiffs failed to present evidence contrary to Defendants' assertions, were nonresponsive to Defendants' assertions, or their response set out additional, nonresponsive facts, which failed to refute Defendants' statements. At this stage, where Plaintiffs must present evidence demonstrating there remain disputed material facts, Plaintiffs failed to do so.

*Legal Standard*

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Osborn v. JAB Mgmt. Servs., Inc.*, 126 F.4th 1250, 1258 (7th Cir. 2025). Facts are deemed "material" when they "might affect the outcome of the suit under the governing law," and a dispute is considered "genuine" when the evidence "is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Osborn*, 126 F.4th at 1258 (quoting *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009)).

The movant "bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of" the evidence "which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

To survive a properly supported motion for summary judgment, "the nonmoving party must present evidence sufficient to establish a triable issue of fact on all elements of its case." *McAllister v. Innovation Ventures, LLC*, 983 F.3d 963, 969 (7th Cir. 2020). While the facts are construed in the light most favorable to the nonmoving party, the nonmoving party must nonetheless present sufficient evidence to place his "'version of events' beyond the level of mere 'speculation or conjecture.'" *Osborn*, 126 F.4th at 1258 (quoting *Est. of Biegert ex rel. Biegert v. Molitor*, 968 F.3d 693, 701 (7th Cir. 2020)).

When analyzing a motion for summary judgment, the Court need only consider the cited materials and need not search the record for other evidence. Fed. R. Civ. P. 56(c)(3). The Seventh Circuit Court of Appeals has repeatedly assured the district courts that they are not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Davis v. United States*, 400 F. Supp. 3d 745, 747 (S.D. Ind. 2019) (citing *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573 (7th Cir. 2017)). *See DeSilva v. DiLeonardi*, 181 F.3d 865, 867 (7th Cir. 1999) ("A brief must make all arguments accessible to the judges, rather than ask them to play archaeologist with the record."). With these principles in mind, the Court will now turn to Defendants' Motion for Summary Judgment.

*Discussion*

Plaintiffs' remaining claims, Counts I and VI, are brought under the same provision, 42 U.S.C. § 1981, which prohibits racial discrimination in the "making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Stahly v. Amalgamated Transit Union*, Local 996, 3 F. Supp. 3d 720, 728 (N.D. Ind. 2014) (citing 42 U.S.C. § 1981)).

**I.        Count I: Racial Discrimination in Violation of 42 U.S.C. § 1981**

Plaintiffs bring racial discrimination claims under 42 U.S.C. § 1981, alleging that

Plaintiff M.R., an African American minor, was treated less favorably than patients who were

not African American. [DE 24]. Defendants argue that under *Comcast Corp. v. National Assoc.*

*of African American-Owned Media*, Plaintiffs cannot demonstrate "but-for" causation, which is

fatal to their claim. [DE 53, Page 5 (citing 140 S. Ct. 1009, 1019 (2020)).]. In response, Plaintiffs

do not address Defendants' arguments that "but-for" causation is the appropriate standard, but

instead, cite one case with an entirely different standard. [DE 63 at 19 (citing *Moultrie v. Penn*

*Aluminum Intl'l LLC*, 766 F.3d 747, 752-53 (7th Cir. 2014))].

> To prevail, M.R. and his mother must establish a prima facie case of
> discrimination showing that (1) he is a member of a protected class,
> (2) he suffered an adverse action, (3) he was meeting the legitimate
> expectations at the time of the adverse action, and (4) the Parkview
> treated similarly situated employees not in the protected class more
> favorably. *Moultrie v. Penn Aluminum Int'l*, LLC, 766 F.3d 747,
> 752-53 (7th Cir. 2014).

[DE 63 at 19]. However, this case, and its standard, both involve discrimination during

employment, which is not a claim asserted by Plaintiffs. Plaintiffs cannot demonstrate they were

meeting legitimate employment expectations at the time of the adverse action, nor can they show

that similarly situated employees were treated more favorably. Plaintiffs cannot satisfy these

elements, even though they themselves argue they must, because neither Plaintiff was ever

employed by Defendants.

Notwithstanding the fact that Plaintiffs cannot satisfy their own test, the Court agrees

with Defendants, that Plaintiffs must instead satisfy the "but-for" causation standard. In racial

discrimination cases like this, and at the summary judgment stage, Plaintiffs must "prove that,

but for race, [Plaintiff and her son] would not have suffered the loss of a legally protected right." [DE 67 at 3-4 (citing *Comcast Corp.*, 140 S. Ct. at 1019)].

Plaintiffs argue that "but for the adverse treatment of M.R. and his mother," Plaintiff M.R. would not have been subjected to any alleged violence and "there would not have been a need for so many inconsistent reasons to justify the cause of M.R.'s injuries." [DE 63 at 22]. However, Plaintiffs have presented little, if any, evidence in support of this assertion, as they must at this stage.

Plaintiffs argue that Plaintiff M.R. was the youngest and only African American patient identified by Defendants and that his injuries were listed as more severe than any of the other patients who were not African American. [DE 63 at 20]. However, the Court is not persuaded that the individuals provided in the exhibit referenced by Plaintiffs are appropriate comparators. *See* [DE 64-2]. Plaintiffs offer information on the comparators' age, gender, and demographic, and provide about a ten-word description of the injury. [*Id.*]. Notably absent is any information regarding the type of care these minors were receiving, including whether they were under psychiatric care and whether these minors were placed in seclusion. [*Id.*].

The same legal standard applies to claims of racial discrimination under Title VII, Sections 1981 and 1983. *Gamble v. Cnty. of Cook*, 106 F.4th 622, 625 (7th Cir. 2024). *See Mahran v. Advoc. Christ Med. Ctr.*, 12 F.4th 708, 714 (7th Cir. 2021); *Barnes v. Bd. of Trs. of Univ. of Ill.*, 946 F.3d 384, 389 (7th Cir. 2020). To be similarly situated, comparators must be prima facie identical in all relevant respects. *Reinebold v. Bruce*, 18 F.4th 922, 926 (7th Cir. 2021) (quoting *Racine Charter One, Inc. v. Racine Unified Sch. Dist.*, 424 F.3d 677, 680 (7th Cir. 2005)). A plaintiff must show the purported comparator was "directly comparable … in all material respects" so as to "eliminate other possible explanatory variables." *Gamble*, 106 F.4th at

626 (quoting *Williams v. Off. of Chief Judge of Cook Cnty.*, 839 F.3d 617, 626 (7th Cir. 2016)); *Downing v. Abbott Lab'ys*, 48 F.4th 793, 805 (7th Cir. 2022).

Here, it is unclear which of those comparators, if any, were receiving psychiatric care or were in seclusion. Plaintiffs have failed to establish that Plaintiff M.R. is "directly comparable to [the comparators] in all material respects" so as to "eliminate other possible explanatory variables." *Gamble*, 106 F.4th at 626 (quoting *Williams*, 839 F.3d at 626). Therefore, this Court cannot reasonably conclude that "but-for" Plaintiff M.R.'s race he would not have suffered any injuries.

Plaintiffs also argue that the Notice of Finding by the Indiana Civil Rights Commission supports their assertion that Plaintiff M.R. was subjected to less favorable terms and conditions as a result of his race. [DE 63 at 15-16]. But as Defendants argue, Plaintiffs provide no case law or precedent to support the argument that a finding of probable cause by a state agency is sufficient to prove but-for causation in a Section 1981 case. [DE 67 at 4]. Similarly, Plaintiffs provided this Court with the Department of Child Services report, but again, Plaintiffs provide no case law or precedent to support the argument that an agency's decision satisfies "but-for" causation in a Section 1981 case. [DE 64-4, Pages 8-9].

Plaintiffs have failed to provide sufficient evidence to demonstrate that "but-for" the Plaintiffs' race they would have been treated differently. For these reasons, Defendants' Motion for Summary Judgment, [DE 52], on Count I is GRANTED.

## II.      Count VI: Retaliation in Violation of 42 U.S.C. § 1981

Plaintiffs contend that they were subjected to retaliation after they filed a Discrimination Complaint with the Indiana Civil Rights Commission on August 23, 2021, several months after

the events at issue occurred. [DE 63 at 22]. Plaintiffs then cite the following standard for analyzing retaliation claims under Section 1981.

> To establish a prima facie case of retaliation, a plaintiff must show "(1) that he engaged in activity protected by the statute; (2) that his employer took an adverse employment action against him; and (3) that there is a causal connection between [his] protected activity and the adverse employment action." The indirect method involves burden shifting that "mirrors that for discrimination." *Alexander v. Casino Queen, Inc.*, 739 F.3d 972, 983 (7th Cir. 2014) (quoting *Davis v. ConWay Transp. Cent. Express, Inc.*, 368 F.3d 776, 788 (7th Cir. 2004)).

[DE 63 at 22]. Here again, Plaintiffs cannot satisfy the elements they argue they must. Plaintiffs cannot show that an employer took an adverse employment action, or that there is a causal connection between the alleged protected activity and the adverse employment action, because neither Plaintiff was ever employed by Defendants.

Defendants reply that the appropriate standard here is again the "but-for" causation standard, which they argue Plaintiffs cannot satisfy. [DE 67 at 6 (citing *See Humphries v. CBOCS West, Inc.*, 474 F.3d 387, 403 (7th Cir. 2007)]. This Court agrees with Defendants. *See Humphries*, 474 F.3d at 403 ("Turning to the merits of [plaintiff's] retaliation claim under section 1981, we generally have applied the same prima facie requirements to discrimination claims brought under Title VII and section 1981.").

In support of their retaliation claim, Plaintiffs reference only the underlying Indiana Civil Rights Commission Complaint and the police report. [DE 63 at 23]. Plaintiffs argue that "but-for" the filing of the Complaint that Defendant Parkview would have stated in writing that Plaintiff M.R. would not have any contact with Parkview employee Biddle. [*Id.*]. However, Defendants point out that Plaintiffs allege no facts indicating they were in-fact refused services. [DE 67 at 6-7]. Beyond this, it does not appear that Plaintiffs provided any evidence to support

the allegation that Plaintiffs would have otherwise received an assurance, in writing, that Plaintiff M.R. would not have any contact with Parkview employee Biddle.

Plaintiffs contend that Plaintiff M.R. was denied admission because they filed a Complaint with the Indiana Civil Rights Commission Complaint, but Defendants point out that the decision not to admit Plaintiff M.R. was made by psychiatrists, who provided affidavits, which are unchallenged by Plaintiff, that they were unaware of the Indiana Civil Rights Commission Complaint at the time they denied admission. [DE 63 at 15; DE 67 at 7]. Plaintiff fails to directly dispute this with evidence supported by citation to the record, and instead, simply repeats nonresponsive additional facts. [DE 63 at 15-16].

A party may rely on an affidavit at summary judgment if it is "made on personal knowledge, set[s] out facts that would be admissible in evidence, and show[s] that the affiant or declarant is competent to testify on the matters stated." *Nash v. Bd. of Educ.*, 492 Fed. Appx. 662, 665 (7th Cir. 2012) (citing Fed. R. Civ. P. 56(c)(4))). Plaintiffs do not address the affidavits directly, and instead only broadly argue that Parkview's reasons for not admitting Plaintiff M.R. are inconsistent; this is insufficient where Defendants have provided evidence that the people responsible for admitting Plaintiff M.R. were completely unaware of the Indiana Civil Rights Commission Complaint. [DE 63 at 15].

Plaintiffs, here too, have failed to provide sufficient evidence to support the assertion that that "but-for" filing the Complaint with the Indiana Civil Rights Commission Plaintiffs would have been treated differently. For these reasons, Defendants' Motion for Summary Judgment, [DE 52], on Count VI is GRANTED.

*Conclusion*

Plaintiffs failed to satisfy the requisite elements for either of their claims. For these reasons, Defendants' Motion for Summary Judgment, [DE 52], is GRANTED. The Court DIRECTS the Clerk of Court to enter judgment against the Plaintiffs and in favor of the Defendants. Plaintiffs take nothing by their Complaint.

SO ORDERED.

ENTERED: March 10, 2026

/s/ GRETCHEN S. LUND
Judge
United States District Court

10